[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13358

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN BERNARDO MONTOYA-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14017-DMM-1

_____

Before BRANCH, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Juan Bernardo Montoya-Martinez appeals his sentence of 37 months of imprisonment imposed after he pled guilty to illegal reentry after removal. 8 U.S.C. § 1326(a), (b)(2). Undisputedly, Montoya-Martinez has been previously removed three times before. He argues that his within-guidelines sentence is substantively unreasonable because (1) the district court failed to consider his history and characteristics and (2) a lesser sentence would have sufficed. After review, we affirm.

## I.  BACKGROUND

### A.  Charges and Guilty Plea

In 2023, Montoya-Martinez pled guilty to illegally reentering the United States. *Id.* As part of his plea, he stipulated that he was a native and citizen of Mexico who had been removed from the United States three times—on March 30, 2012; February 13, 2019; and January 28, 2021. Despite knowing that it was a crime to reenter or be found in the United States without express permission, he illegally reentered the United States in 2021. Immigration officers became aware of his presence in the United States after he was arrested for a state offense in Okeechobee County, Florida.

## B.    Presentence Investigation Report

The probation officer prepared a presentence investigation report ("PSI") that described Montoya-Martinez's removal and criminal history as follows.  In 2007, he was convicted in Arizona state court for possessing dangerous drugs for sale, specifically methamphetamine, and aggravated driving while under the influence, and he was sentenced to five years of imprisonment.  He was removed in March 2012.

In December 2018, Montoya-Martinez reentered the United States and was charged in the Western District of Texas with illegal reentry.  8 U.S.C. § 1326(a), (b)(1).  The indictment was dismissed, however, and he was removed to Mexico a second time in February 2019.

A few months later, in October 2019, Montoya-Martinez returned a third time.  In 2020, he pled guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(1), in the Western District of Texas and was sentenced to 18 months of imprisonment followed by 3 years of supervised release.  In January 2021, he was removed a third time, but he returned nine months later, in October 2021.

About a year later, in November 2022, police arrested Montoya-Martinez in Florida for driving without a valid license and for giving a false name or identification while arrested or detained.  In January 2023, after he was released from custody in Florida, he was arrested in Texas—this time for violating supervised release in his 2019 illegal reentry case.  Based on his admission to immigration officials that he had entered the United

States a fourth time in October 2021, a federal grand jury indicted him for the instant offense of illegal reentry. 8 U.S.C. § 1326(a), (b)(2).

The PSI determined that Montoya-Martinez's advisory guidelines range was 46 to 57 months of imprisonment based on a total offense level of 19 and a criminal history category of IV. In assessing his criminal history, the PSI assigned eight total points for (1) his 2007 state convictions for possessing a dangerous drug for sale and aggravated driving under the influence and (2) his 2020 federal conviction for illegal reentry. The parties filed no written objections to the PSI.

## C.    Sentencing on September 28, 2023

At sentencing, Montoya-Martinez asked the district court to remove two status points from his criminal history based on forthcoming amendments to the Sentencing Guidelines. This two-point reduction would reduce Montoya-Martinez's criminal history category from IV to III. The government stated that it would agree to the reduction if Montoya-Martinez waived any possibility of moving for a reduction in the future based on that Guidelines provision. Montoya-Martinez agreed that he would waive any such challenge. Instead of the 46-to-57-month guideline range with a criminal history category of IV, the district court recalculated his advisory guidelines sentence as 37 to 46 months based on the total offense level of 19 and a new criminal history

23-13358                Opinion of the Court                5

category of III.[1]   The government requested a sentence of 40 months of imprisonment.

Montoya-Martinez argued for a downward variance to a sentence of 18 months, which would mirror his sentence from his 2019 illegal-reentry conviction.  Specifically, he argued that the statutory sentencing factors, 18 U.S.C. § 3553(a), weighed in favor of his requested sentence because his criminal history revealed no pattern of violence or crimes against other individuals.  So, he contended, a greater sentence was not necessary to protect the public or deter him from future criminal conduct.  In his written statement to the district court, read by his counsel, Montoya-Martinez asked the district court to "not think so negatively about his criminal convictions" and to "understand that he does try to do right while he is here in this country."  He also explained that he reentered the United States to be with his family.

---

[1] Under the 2021 Sentencing Guidelines, which were in place during Montoya-Martinez's sentencing proceeding, two points are assessed if the defendant "committed the instant offense while under any criminal justice sentence," including supervised release.  U.S.S.G. § 4A1.1(d) (Nov. 1, 2021).  But under the 2023 Guidelines, only one point is assessed and only if the defendant scored seven or more points under § 4A1.1(a)-(d) and committed the instant offense under any criminal justice sentence.  U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).  Thus, because Montoya-Martinez had a subtotal of *six* criminal history points without the two-point increase for committing the instant offense while under supervised release, he did not have a subtotal of at least seven points and would not be assessed any additional points if sentenced under the 2023 Guidelines.  *See id.*  The reduction from eight criminal status points to six criminal status points reduced his criminal history category from IV to III.

The district court sentenced Montoya-Martinez to 37 months followed by 3 years of supervised release, at the low end of his revised advisory guidelines range.  The district court stated that it considered the arguments and statutory sentencing factors. Specifically, it found Montoya-Martinez's request for an 18-month sentence unreasonable because his previous 18-month sentence for illegal reentry failed to deter him from reoffending.  The district court also determined that a 40-month sentence was unnecessary and that the bottom of the guidelines range "represent[ed] a reasonable sentence."  Montoya-Martinez objected and timely appealed.

## II.  DISCUSSION

On appeal, Montoya-Martinez challenges the substantive reasonableness of his 37-month sentence.  He argues that the district court failed to consider his history and characteristics and asserts that a lesser sentence would have sufficed.  We disagree.

We review the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In doing so, we determine "whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a)."  *United States v. Boone*, 97 F.4th 1331, 1338 (11th Cir. 2024).[2]  The district court

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need for deterrence;

23-13358                Opinion of the Court                    7

imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

Montoya-Martinez's sentence of 37 months is substantively reasonable. He argues that the district court abused its discretion because a lesser sentence "would have satisfied the necessity of punishing" him. The district court, however, reasonably found that a longer sentence was necessary this time. Specifically, the district court explained that the fact that he illegally reentered the United States after receiving an 18-month sentence for his third illegal reentry (in 2019) revealed that an 18-month sentence evidently would not deter him from illegally reentering the United States again. *See Boone*, 97 F.4th at 1342-43 (explaining that, to establish that a district court abused its discretion, the defendant must show that the sentence "lies outside the range of reasonable sentences dictated by the facts of the case and the relevant sentencing factors," not merely that a "lesser sentence would, in his opinion, be more appropriate" (quotation marks omitted)).

---

(4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the sentencing commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The district court also was well within its discretion to consider Montoya-Martinez's criminal history in determining his sentence.  *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1262 (11th Cir. 2015).  The district court was not required to explicitly address all of his proposed mitigating factors—such as his criminal history lacking a pattern of violence or crimes against individuals— where the record reveals that the district court considered the statutory sentencing factors.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that the district court need not "discuss or state each factor explicitly" and must only acknowledge that it considered the statutory sentencing factors). Further, Montoya-Martinez's 37-month sentence did not exceed the advisory guideline range and was far below the 20-year statutory maximum, both of which are indicative of the sentence's reasonableness.  *See id.*

## III.  CONCLUSION

We **AFFIRM** Montoya-Martinez's conviction and 37-month sentence.